IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC C. MEADE, | : | 1:12-cv-1559 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. William I. Arbuckle III |
| GUARANTY BANK, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

### September 26, 2013

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge J. William I. Arbuckle III (Doc. 16) filed on August 27, 2013 that recommends we grant Defendants' Motion to Dismiss (Doc. 7) with respect to *pro se* Plaintiff Marc C. Meade's ("Plaintiff" or "Meade") federal claim, but that we remand the remaining state law claims to the Wayne County Court of Common Pleas. Motion to Remand. (Doc. 5). Plaintiff filed objections to the R&R on September 11, 2013. (Doc. 11). Accordingly, this matter is ripe for our disposition. For the reasons that follow, the Magistrate Judge's R&R shall be adopted in its entirety.

**I.     STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

The instant matter was commenced by Plaintiff in the Wayne County Court of Common Pleas seeking damages for what he alleges was a fraudulent foreclosure action by Defendant BVA Compass Bank. Plaintiff's complaint asserts claims under 18 U.S.C. § 1961, the federal civil racketeering statute, 18 Pa. C. S. § 911, the Pennsylvania racketeering statute, and other Pennsylvania statutes that protect against fraud and unethical or illegal trade practices. Defendant removed this civil action to this Court on August 9, 2012. Thereafter, on September 11, 2012, Plaintiff filed a Motion to Remand, and the following day,

Defendants filed a Motion to Dismiss.[1] (Docs. 5, and 7). This matter was referred to Magistrate Judge Arbuckle for all pre-trial management. Following full briefing on the Motion to Remand, the Magistrate Judge issued an R&R recommending that the Motion to Remand be denied. We adopted that recommendation and remanded the matter to the Magistrate Judge for resolution of the Defendants' Motion to Dismiss. As noted above, on August 27, 2013, the Magistrate Judge rendered the instant R&R, recommending that the Plaintiff's federal claims be dismissed and that his state law claims be remanded to the Wayne County Court.

As discussed in detail by the Magistrate Judge, to proceed on a federal civil RICO claim against an entity, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedmima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Lum v. Bank of America*, 361 F. 3d 217, 223 (3d Cir. 2004). To satisfy the "pattern" element, a Plaintiff must allege (1) at least two acts of racketeering activity that are, (2) continuous, and (3) related to the underlying scheme. *See H.J. Inc. v. Northwestern Bell Telephone Company,* 492 U.S. 229, 237 (1989). Further, the types of act that constitute "racketeering" are set forth in an exhaustive list in 18 U.S.C. § 1961(1).

---

[1] As noted by the Magistrate Judge within his R&R, his recommendation on the pending Motion to Dismiss will be forthcoming in a separate R&R.

Following a searching and exhaustive analysis of the Plaintiff's pleading, the Magistrate Judge determined that Plaintiff has not sufficiently pled his civil RICO claim so as to withstand Defendants' Motion to Dismiss. Specifically, the Magistrate Judge determined that the Plaintiff's pleading "alleges a single-scheme, single-victim transaction." (Doc. 16, p. 21). Despite the Plaintiff's protestations to the contrary in his objections, we agree. Plaintiff is attempting to use this lawsuit to redress what he alleges is an over-arching mortgage foreclosure scheme that crosses all state and federal lines. If a fanciful scheme like this were to exist, we submit that it would be better prosecuted by state or federal attorneys general rather than the Plaintiff. Rather, to obtain the relief Plaintiff seeks specific to him, it is more appropriate for the state court to determine the merits of his claims under the laws of Pennsylvania.[2]

Accordingly, we shall adopt the Magistrate Judge's recommendations *in toto*, dismiss the Plaintiff's federal claim, and remand his state law claims to the Wayne County Court of Common Pleas.

---

[2] We note that a mortgage foreclosure suit involving the parties was previously litigated in the Wayne County Court.